# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.** |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| **SHANNON BITZER,** | : | 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers), |
| | : | 18 U.S.C. § 111(a)(2) (Use of Deadly or Dangerous Weapon), |
| **Defendant.** | : | 18 U.S.C. § 111(b)(Forcibly Assault or Intent to Commit Another Felony), |
| | : | 18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority), |
| | : | 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), |
| | : | 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), |
| | : | 40 U.S.C. § 5104(e)(2)(E) (To obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings), |
| | : | 40 U.S.C. § 5104(e)(2)(F) (To engage in an act of physical violence in the Grounds or any of the Capitol Buildings), |
| | : | 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). |
| | : | 18 U.S.C. § 231(a)(3) (To Obstruct, Impede, or Interfere With any Fireman or Law Enforcement Officer) |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

In support thereof, the government states as follows:

1.  The United States is investigating allegations that Shannon Bitzer willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. § 111(a)(1), 18 U.S.C. § 111(a)(2), 18 U.S.C. § 111(b), 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2),

1

40 U.S.C. § 5104(e)(2)(D), 40 U.S.C. § 5104(e)(2)(E), 40 U.S.C. § 5104(e)(2)(F), 40 U.S.C. § 5104(e)(2)(G), and 18 U.S.C. § 231(a)(3). The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant. The Government also anticipates imminently obtaining one or more search warrants for items believed to be in the defendant's possession. Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

      2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

      3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

      4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an

Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: */s/ John Oxenreiter*
John Oxenreiter
New York Bar No. 5511597
Assistant United States Attorney
601 D Street NW
Washington, DC 20004
(202) 252-7228
john.oxenreiter@usdoj.gov